■ In the Matter of JOSEPH RODRIGUEZ, Petitioner, v FRANK J. ANTETOMASO, as Commissioner of Public Works of the Town of Oyster Bay, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Commissioner of Public Works of the Town of Oyster Bay, dated February 21, 1980 and made after a statutory hearing, which found that petitioner had violated various rules and regulations of the Department of Public Works and imposed the penalty of dismissal from his position as sanitation man I. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner to his position of sanitation man I, with accrued salary and benefits as of the date he was suspended from duty without pay, less the amount of compen-

sation which he may have earned in any other employment or occupation and any unemployment benefits which he may have received during such period. Petitioner, who was employed by the Town of Oyster Bay, in the position of sanitation man I, was served with six charges of misconduct. The charges were (1) insubordination, (2) interference with the questioning of a fellow employee, (3) leaving the work area without permission, (4) deliberately restricting output, (5) repeatedly parking in a restricted area, and (6) unauthorized use of town equipment. After a hearing held pursuant to subdivision 2 of section 75 of the Civil Service Law, the hearing officer recommended dismissal of all the charges. The respondent Commissioner of Public Works rejected the hearing officer's recommendation and terminated petitioner's employment. Since it was made after a statutory hearing at which evidence was taken, the determination of the respondent commissioner must be sustained if the charges were proven by substantial evidence (see *300 Gramatan Ave Assoc. v State Div. of Human Rights,* 45 NY2d 176). In our opinion, however, those charges were not supported by substantial evidence. We concur with the hearing officer's determination that the proof presented by the town amounted to "little more than conclusory allegations". Therefore the commissioner's determination must be annulled. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.